### LAMPMAN v. SYRACUSE & S. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   May 5, 1909.)

Appeal from Trial Term, Onondaga County.

Action by Clara A. Lampman, as administratrix, etc., against the Syracuse & Suburban Railroad Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

White, Cheney, Shinaman & O'Neil, for appellant.
Hogan, Byrne & Byrne, for respondent.

PER CURIAM.   Judgment and order affirmed, with costs.

McLENNAN, P. J. (dissenting).   I think the evidence wholly fails to show that the defendant was guilty of negligence which was the proximate cause of the accident.   As I read the record there is no evidence tending to show that the crosshead was not in a perfect state of repair and in all respects as good as when placed in position by the manufacturers of the engine.   No inspection of the crosshead would have disclosed any defect in it, because none existed.   There is some evidence tending to show that the crosshead was too light, and so not suitable for the work required of it.   But, concededly, the size of such crosshead was determined upon and was put in place by a reliable firm of manufacturers, and therefore, as it seems to me, the defendant had a right to rely upon their judgment that it was of suitable size and strength for the work required of it, and so wholly independent of the fact that the defendant bought the engine secondhand.   To illustrate:   If a person buys a reaper manufactured by McCormick & Co., one of the most reliable and most widely known manufacturers of such implements, such purchaser has the right to assume that the pitman rod as originally constructed was of sufficient size and strength to do the work which it was intended to do, and if such rod breaks, and causes injury to an employé of the purchaser, not because of any defect in it, but because, as originally made, it was too small and not sufficiently strong for the work required of it, such person ought not to be held responsible for an injury to his employé resulting from such breaking.

There is no evidence in this case tending to show that any additional strain was placed upon the crosshead in question because the engine was old or secondhand, because other parts had become worn, or because of any defect in any of such parts.   The facts are not in dispute.   The engine was manufactured by a reliable, reputable, and first-class manufacturer.   The size and character of the crosshead to be used was determined upon and placed in position by it.   It was just as strong and in every way as perfect when it broke as when designed and put in place by such manufacturer, and there is no evidence tending to show that the age of the engine, or that any imperfections, if any, which existed in other parts of the engine, placed any additional strain upon the crosshead or had anything whatever to do with its breaking. I therefore fail to see how it can be held that the defendant was guilty of negligence because it had not removed the crosshead in question, which was in perfect condition and declared to be of sufficient strength and of proper quality by the manufacturer of the engine, and put in its place a heavier or stronger crosshead.

116 N.Y.S.—60

The question presented by this appeal is purely one of law, viz.: Is a purchaser of an engine manufactured by a first-class and reliable concern, which places therein a crosshead of certain strength and dimensions, liable to an employé because of an accident resulting from the breaking of such crosshead, when there is no evidence to indicate that it was not in every respect as suitable for the work for which it was intended at the time of the accident as when placed in the engine by the manufacturer, and where the proof fails to show that any additional strain was put upon the crosshead because of the fact that the engine was old, or that any other of its parts were defective in such way as to add to the strain upon such crosshead?

It seems to me that the plaintiff has failed to establish negligence on the part of the defendant, and that, therefore, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event.